[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The plaintiffs' claims for damages in this action arise out of a series of sexual assaults alleged to have been perpetrated upon them throughout much of their childhood. A prior ruling of this court applied the discovery rule in order to toll the statute of limitations as the plaintiffs commenced suit more than 10 years after the statutory time limit had expired. In accordance with the prior ruling, the plaintiffs were thereby entitled to present evidence regarding whether they did not know, nor through the exercise of reasonable diligence should they have discovered, the causal relationship between the alleged acts and their injuries until November of 1986.
Upon defendant's petition to the Supreme Court of Rhode Island for a writ of certiorari, the court remanded the matter for an evidentiary hearing in order to determine the date the plaintiffs discovered or with due diligence should reasonably have discovered, the causal connection between the alleged acts and the plaintiffs' alleged injuries. The defendant then filed a motion to compel production of various medical records of the doctors who treated the plaintiffs in the course of their adult lives. In so doing, the defendant asserts that the motion should be granted in accordance with the Rhode Island Supreme Court's interpretation of the concept of relevancy in relation to a motion to compel production of documents.
Before considering the merits of the motion to compel, a threshold question as to the propriety of the defendant's discovery motion prior to having filed an answer to the original complaint must be considered. Indeed, one of the plaintiffs' arguments is that because the defendant has failed to answer the complaint, his discovery motion is therefore improper.
In this regard, Super. R. Civ. P. 34(b) provides that a request for production of documents may "be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party." See 1 Kent Rhode Island Civil Practice, § 34.3, at 277. Significantly, this provision applies to requests for documents anytime after commencement of the action and does not appear to be limited to the situation where both a complaint and an answer have been filed. Thus, the plaintiff's argument in the present matter that the defendant's failure to answer the complaint prevents him from proceeding with discovery is without merit.
The plaintiffs also contend that until it is decided that they have stated a claim upon which relief can be granted, they should not be ordered to produce any documents for inspection by the defendant. However, the documents being requested by the defendant pertain to the very essence of the plaintiffs' claim. To this end, a determination of when the plaintiffs first learned of the causal connection between the plaintiffs' current psychological infirmities and the alleged childhood sexual assaults will be ascertained most effectively with both parties being able to examine the medical records.
In regard to the scope of documents which may be required to be produced, Rule 26(b) of the Superior Court Rules of Civil Procedure governs. Rule 26(b) allows for the discovery of any unprivileged material which is relevant to the subject matter in the pending action. See DeCarvalho v. Gonsalves,106 R.I. 620, 262 A.2d 630 (1970). Therefore, a motion seeking the production of documents pursuant to Super. R. Civ. P. 34(b) will be granted when it is shown that the desired documents are relevant to the subject matter of the pending action. Id.
Furthermore, the concept of relevancy, as it applies to matters relating to discovery, is to be given a liberal application.Id. Accordingly, the scope of relevancy in a discovery proceeding is broader than the relevancy considerations given to evidence adduced at trial. Id.
In the case at bar, it is incumbent upon the plaintiffs to demonstrate why they did not learn of the connection between the alleged acts and their current psychological disorders. The medical records of their past treatment would be the most reliable source by which to ascertain the evolution as well as the chronology of events during the course of their treatment which have led to their current condition. Only then would a factfinder seemingly be enabled to make a fair determination as to the viability of the plaintiffs' claim for damages.
Consequently, in order to effectively prepare for an evidentiary hearing regarding the time at which the plaintiffs became aware of their right to bring suit, the defendant will probably need to examine the treating physicians' medical records. The plaintiffs meanwhile, contend that "as of this juncture . . . it is neither clear nor established that the plaintiffs have stated a claim upon which this court may grant relief." Yet at the same time they desire to withhold documents which will shed light on whether they are in fact entitled to relief. Such a proposition is neither logical, nor is it consistent with the pleadings in the present matter. Owing to the liberal nature of discovery proceedings and in the interest of fairness with respect to the defense of this action, it is suggested that the plaintiffs should be compelled to produce the requested documents for the defendant's inspection.
Similarly, the defendant should be permitted to take depositions of the plaintiffs for reasons similar to those set forth above relating to the Rule 34(b) motion. Rule 26(a) of the Superior Court Rules of Civil Procedure provides that a deposition may be taken without leave of court "after commencement of the action." The testimonies of the plaintiffs will be a telling factor in determining whether they are able to proceed with their claims. Therefore, in order for there to be a fair hearing conducted on the issue of when the plaintiffs first became aware of their right to sue, the defendant should be allowed to depose the plaintiffs.
Counsel for the defendant shall prepare and submit an order consistent with this opinion.